# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANTOINE SHOCKLEY, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 4:13CV01281 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 & 2255 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA. As a result, the motion will be dismissed.

On March 23, 2006, movant plead guilty to knowing possession, with intent to distribute, more than five grams of cocaine base (crack), in violation of 28 U.S.C. § 841(a)(1). On June 29, 2006, movant was sentenced to 120 months' imprisonment. United States v. Shockley, 4:05CR561 ERW (E.D. Mo.).

Movant filed his first motion to vacate pursuant to 28 U.S.C. § 2255 on April 10, 2009. See Shockley v. U.S., 4:09CV565 ERW (E.D. Mo.). This Court denied the motion, and the United States Court of Appeals for the Eighth Circuit denied movant's

application for a certificate of appealability and entered its mandate on October 21, 2010. See Shockley v. U.S., No. 10-2240 (8th Cir. 2010).

In the instant motion, movant claims that the new Supreme Court case of Alleyne v. United States, 133 S.Ct. 2151 (2013), decided in June of 2013, should be retroactively applied to his case in order to reduce his sentence. He claims that his sentence was enhanced without notice to him or a jury and this is unlawful under the holding of Alleyne.[1]

---

[1]In Alleyne, the Supreme Court held that because mandatory minimum sentences increase the penalty for the crime, any fact that increases the mandatory minimum is an "element" of the crime that must be submitted to the jury. The holding in Alleyne simply does not apply to movant. First and foremost, movant's motion to vacate is successive, and thus, he must seek leave from the Eighth Circuit Court of Appeals prior to bringing the instant argument to this Court.

Even if movant's motion was properly before this Court, his argument under Alleyne would still be irrelevant. Movant entered a guilty plea and specifically entered into a plea agreement with the Government finding that his base level offense would be 26, although it could be higher depending upon his criminal history. At the plea hearing movant specifically agreed that the minimum sentence he could receive was 120 months' imprisonment. Accordingly, it was movant's own agreement that resulted in his sentence of 120 months' in this case. And Alleyne cannot be said to be applicable to his situation even if it were available to him in these proceedings. See, e.g., U.S. v. Wimberly, No: 12-2210, 2013 WL 3214988, *1 (6th Cir. June 26, 2013).

Under 28 U.S.C. § 2255:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense . . .

Absent certification from the United States Court of Appeals, this Court lacks authority under § 2255 to grant movant's requested relief. As a result, the motion shall be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, correct or set aside his sentence brought pursuant to 28 U.S.C. § 2255 is **DENIED and DISMISSED as SUCCESSIVE**.

**IT IS FURTHER ORDERED** that the Court will not grant movant a certificate of appealability.

So Ordered this 22nd day of July, 2013.

_E. Richard Webber_ (signature)
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE